The People of the State of New York ex rel. Anonymous et al., Respondents, *v.* Louise Wise Services, also Known as Wise Adoption Service, Appellant.

First Department, June 15, 1964.

*Shad Polier* for appellant.

*Julius Roth* of counsel (*Jules K. Lindenberg,* attorney), for respondents.

Breitel, J.   Respondent operates an eminent and responsible charitable child adoption service.   It appeals from a judgment in a habeas corpus proceeding, described as a final order (CPLR 411; 7010, subd. [a]), awarding custody of a seven-month-old infant to its natural parents.   The judgment was entered June

2, 1964. Its effect was stayed by this court pending an expedited appeal and determination.

The parents, now aged 17, were married after the birth of the child, and, when it was five months old, surrendered it to the agency for adoption. A little less than a month later they sought return of the child. One day after the demand for the return, the child was placed by the agency with adoptive parents.

The judgment should be affirmed.

On the trial the agency established the pattern of vacillation of the young parents with respect to surrendering the child for adoption, the trial period of foster care, the prevarications by the mother as to various relevant circumstances, the careful screening and selection by the agency of the adoptive parents, and the hazard to adoption agencies and to adoptive parents, if, after surrender, but before adoption, children may be retransferred to their natural parents.

There is no doubt the natural parents gave the agency a trying time, as it is also true that these young parents, almost children themselves, were undergoing a trying period, a period which will not end until they have become older, stabilized their own relationship, and completed their higher education. The young parents have some means of their own, the active assistance of the mother of one, some financial assistance from the grand-parents of the other, and the father is the beneficiary of scholar-ships and school employment. The record, however, makes manifest that the adoptive parents would supply a healthy, stable, and perhaps, superior, environment for the child. But none of these relevant factors, alone, or in combination, should control the result, in the absence of unfitness in the natural parents, or such conduct by the natural parents, or the lapse of such time after placement of the child with adoptive parents, as would make it improper and hazardous to the child to retransfer the custody of the child.

The applicable principles were elaborated and the controlling authorities cited most recently in *People ex rel. Anonymous* v. *New York Foundling Hosp.* (17 A D 2d 122, affd. 12 N Y 2d 863). The agency's position fails to accord the primacy of right and understanding to be accorded natural parents in these difficult situations. The superiority or the sentiments of the adoptive parents, the convenience of the adoption service, and even the possible ramifying effects on adoptions generally are subordinate factors. On the appeal, as compared with the agency's position on the trial, this subordination was recognized.

There had been a pattern of vacillation and prevarications by the surrendering parents. This was recognizable and must

have been recognized by the agency. The child was finally placed with the agency for adoption on April 6. On April 29 the natural mother asked for the child's return. On April 30 the child was placed with adoptive parents. Of course, for days before, the agency and the adoptive parents were preparing for the child's transfer. Under the circumstances, the agency took a highly hazardous risk that the natural parents would persist in their demand for the return of the child.

But neither the agency nor the courts should indulge in omnipotent parent selection except in the cases where the unfitness of the parents is unequivocal or the welfare of the child also unequivocally mandates otherwise. In this context, of course, the relative superiority of the new environment or of the adoptive parents is not influential.

In this case, there was no showing of unfitness in the natural parents in any unequivocal sense, and cognizance is taken of the mother's characterization of the father as schizophrenic and suicidal in pressing the agency at certain times to expedite the surrender and placement of the child. There is no occasion to suspect that there is any improper motivation in the natural parents. Nor is there any showing of such a considered, deliberate, or persisting choice on their part to abandon or surrender the child as should debar them from seeking return of the child within the period permitted by the statutes (*People ex rel. Kropp* v. *Shepsky,* 305 N. Y. 465). Nor has such a period of time elapsed so that the child's welfare is jeopardized substantially, sufficient to warrant a denial of the claim of the natural parents. Indeed, too, there is the claim of the child to be reared by its natural parents, if they are not unfit, and to be freed of the emotional problems associated with the status of being an adopted child, of parenthood never to be identified to it.

The conduct of the young parents, inclusive of their worst vacillation and prevarication, is understandable. The fact of their intellectual attainments, the means available to them, the help of the mother of the one and, perhaps, of the grandparents of the other, are positive factors. Their emotional immaturity is a negative one, but no marriage or family, not arranged by an omniscient social agency, has assurance that the founding parents are better equipped in this respect.

The Trial Justice was eminently correct in concluding that the record before him did not merit a psychiatric examination of the father before making his determination. As to the mother there had been such an examination while she sojourned for three weeks, during pregnancy, at an institution maintained by the agency.

Lastly, it was unjust and unkind of petitioners to characterize the agency, as they did in their brief to this court. It was they, after all, who created all, but one, of the conditions which brought about the unfortunate situation with which the court is confronted. It is they, who have burdened the agency for extensive services, without fee, except for the boarding of the pregnant mother for the short period. It is they who, because of their own inadequacies, will have wrought the worst kind of pain to the adoptive parents.

Accordingly, the judgment granting return of the custody of the child to the natural parents should be affirmed, without costs to any party, the stay vacated, and the child delivered forthwith to the natural parents.

BOTEIN, P. J., VALENTE, McNALLY and STALEY, JJ., concur.

Judgment unanimously affirmed, without costs to any party, the stay vacated, and the child directed to be delivered forthwith to the natural parents.